UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

KATRINA A. JONES,

                                Plaintiff,

              v.

DEPARTMENT OF HOMELESS SERVICES,
CAPTAIN HENRY, and DEPUTY INSPECTOR
DABOUISE,

                                Defendants.

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**

20-CV-02781 (LDH)

---

L<small>A</small>SHANN D<small>E</small>ARCY HALL, United States District Judge:

      Katrina Jones ("Plaintiff"), proceeding pro se, filed this action against Department of Homeless Services ("DHS"), Captain Henry, and Deputy Inspector Dabouise (collectively "Defendants"), pursuant to the Americans with Disabilities Act of 1990. For the reasons discussed below, the complaint is dismissed without prejudice for failure to prosecute.

## BACKGROUND[1]

      Plaintiff commenced the instant action on June 19, 2020. (Compl., ECF No. 1.) Plaintiff alleges that the Department of Homeless Services failed to provide her with reasonable accommodations in contravention of the Americans with Disabilities Act. (*Id*. at 6.) By order dated August 14, 2020, the Court granted Plaintiff's request to proceed in forma pauperis. Defendants requested a pre-motion conference seeking leave to file a motion to dismiss the complaint on December 1, 2021. (Def.'s Pre-Motion Conference Request, ECF No. 20.) By order dated December 20, 2021, Plaintiff was directed to file a response to Defendant's request

---

[1] The following facts are taken from the complaint and are assumed to be true for the purpose of this memorandum and order. The Court refers to the page numbers assigned by the court's ECF system.

for a pre-motion conference regarding its anticipated motion to dismiss on or before January 24, 2022. Plaintiff failed to file a response. By order dated March 14, 2022, Plaintiff was again directed to file a response to the Defendant's pre-motion conference request by April 1, 2022. In the same order, Plaintiff was warned that "[f]ailure to abide by this order may result in dismissal of Plaintiff's case for failure to prosecute." Plaintiff again failed to file a response. By order dated April 25, 2022, Plaintiff was directed a third time to file a response by May 27, 2022. In the same order, Plaintiff was again warned again that failure to file a response could result in dismissal of the action for failure to prosecute. Despite these Court orders, Plaintiff has yet to respond to the Defendant's motion. Indeed, she has not filed anything on the docket in more than a year.

## DISCUSSION

A district judge may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if "the plaintiff fails to prosecute or to comply with [the] rules or a court order[.]" Fed. R. Civ. P. 41(b). The prudent application of this rule is "'vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts.'" *Manshul Const. Corp. v. Int'l Fid. Ins. Co.*, 182 F.3d 900, 900, 1999 WL 461756, at *2 (2d Cir. 1999) (unpublished table opinion) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)) (dismissing *sua sponte* with prejudice). Notwithstanding its benefits, disposal of cases for want of prosecution is "'a harsh remedy to be utilized only in extreme situations.'" *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quoting *Theilmann v. Rutland Hospital, Inc.*, 455 F.3d 853, 855 (2d Cir. 1972) (per curiam)). Thus, as a procedural safeguard, district courts must balance five factors, none of which are dispositive, when determining the propriety of dismissal for failure to prosecute under Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

The Second Circuit has cautioned that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a pro se litigant." *Lucas*, 84 F.3d at 535. That said, the latitude afforded to unrepresented parties does not exempt them from diligently prosecuting their cases; pro se litigants are still "required to attempt to comply with procedural rules, especially when they can be understood without legal training and experience." *Yadav v. Brookhaven Nat'l Lab'y.*, 487 F. App'x 671, 672 (2d Cir. 2012) (summary order) (affirming dismissal for failure to prosecute where pro se litigant did not respond to discovery for three months).

Dismissal is proper here. *First*, more than eight months have lapsed since Plaintiff was first directed to Defendant's letter requesting a pre-motion conference. (*See* Dec. 20, 2021 Order.) As the Second Circuit has found, seven months of inaction is enough to satisfy this factor. *See, e.g.*, *Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177 (2d Cir. 2008) (per curiam) (affirming dismissal of pro se action for failure to prosecute after seven months of inaction); *see also Brow v. City of N.Y.*, 391 F. App'x 935, 937 (2d Cir. 2010) (affirming district court's judgment of dismissal for failure to prosecute after plaintiff caused a delay of "nearly six months" by repeatedly failing to appear for his deposition). Without question, a more than eight-month delay is enough.

*Second*, Plaintiff has already been given two clear notices that failure to comply with the Court's directives would result in dismissal for failure to prosecute. Plaintiff has failed to respond to three orders by the Court spanning the course of eight months granting her additional time to respond to Defendant's request. And, in both the March 14, 2022 and April 25, 2022 orders, Plaintiff was warned that a failure to file a response may result in dismissal of her complaint for failure to prosecute. Such notices are sufficient to support dismissal here. *See, e.g.*, *Hunter v. New York State Dep't of Corr. Servs.*, 515 F. App'x 40, 43 (2d Cir. 2013) (finding sufficient notice of dismissal where the "record reveals that [plaintiff] received at least two notices that her action could be dismissed for a failure to prosecute.").

*Third*, any further delay would prejudice Defendants. Whether a defendant has been prejudiced "turns on the degree to which the delay was lengthy and inexcusable." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 256 (2d Cir. 2004). Courts may presume such prejudice where Plaintiff has caused an "unreasonable delay." *Lyell Theatre Corp.*, 682 F.2d at 43. Indeed, the Second Circuit has affirmed dismissal for failure to prosecute when considering shorter delays. *See, e.g.*, *Brow*, 391 F. App'x at 937 (affirming dismissal where Plaintiff caused a delay of six months). Here, Plaintiff has inexplicably caused an eight-month delay by failing to respond to Defendant's request for a pre-motion conference despite the Court's orders directing Plaintiff to do so. As such, Defendants are presumed to be prejudiced.

*Fourth*, a balancing of the Court's interest in managing its docket and Plaintiff's interest in her chance to be heard weighs in favor of dismissal. This prong is satisfied where the Court affords a plaintiff "ample time to inform the Court that [s]he [stands] ready to press [her] claims[.]" *See Ruzsa*, 520 F.3d at 177–78. Here, the Court has issued three orders over an eight-month period directing Plaintiff to respond to Defendants' request for a pre-motion conference.

4

More than three months have lapsed since the issuance of the Court's most recent order, yet Plaintiff has failed to respond. In other words, Plaintiff has been given ample time to indicate her readiness to proceed. *See id.* (finding fourth prong satisfied where dismissal was delayed for twenty days).

*Fifth*, given Plaintiff's repeated failure to respond to the Court's orders, no lesser sanctions would be effective. *See, e.g.*, Horton v. City of New York, No. 14-CV-4279, 2015 WL 13021411, at *2 (E.D.N.Y. Jan. 9, 2015) ("Plaintiff has made no effort to comply with the Court's orders and prosecute this case, despite warning from this Court that the case would be dismissed. Further warnings are likely to be futile. No lesser sanction would be effective and dismissal at this juncture is the only appropriate course."), *report and recommendation adopted*, No. 14-CV-4279, 2015 WL 13019585, at *1 (E.D.N.Y. Feb. 2, 2015), *aff'd*, 636 F. App'x 822, 824 (2d Cir. 2016); *see also Ruzsa*, 520 F.3d at 178 ("in light of [plaintiff's] failure to respond to the notice threatening dismissal, it is equally unclear that a 'lesser sanction' would have proved effective in this case"). Indeed, in light of the substantial period that has lapsed since Plaintiff has taken any action in the case, the Court is hard pressed to see how any other sanction might move Plaintiff to act.

## CONCLUSION

For the foregoing reasons, this action is dismissed without prejudice. The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff's last known address. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

|  |  |
|---|---|
| | SO ORDERED. |
| Dated: Brooklyn, New York<br>September 19, 2022 | /s/ LDH<br>LaSHANN DeARCY HALL<br>United States District Judge |